UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DAMIAN PUSEY, on behalf of himself and all others
similarly-situated,

                            Plaintiff,                         **COMPLAINT**

               -against-                         **JURY TRIAL DEMANDED**

DAY ACCESSIBILITY & MOBILITY SOLUTIONS,
 INC., a/k/a DAY ELEVATOR & LIFT, INC.,

                               Defendant.
----------------------------------------------------------------------X

       Plaintiff DAMIAN PUSEY ("Mr. Pusey" or "Plaintiff"), by and through his attorneys,

JOSEPH & NORINSBERG, LLC, as and for his Complaint against DAY ACCESSIBILITY &

MOBILITY SOLUTIONS, a/k/a DAY ELEVATOR & LIFT, Inc. ("Day" or "Defendant"), alleges

upon personal knowledge and belief as to all other matters, as follows:

<u>NATURE OF CASE</u>

       1.      This is a civil action for damages and equitable relief based upon Defendant's

violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL") § 160; N.Y. Comp.

Codes R. & Regs. ("NYCCRR") Tit. 12, § 142-2.2; (iii) the requirement that employers pay wages

to employees pursuant to the terms of employment under the NYLL §§ 190, 191, and 663(1); (iv)

the requirement that employers furnish employees with wage statements on each payday

containing specific categories of accurate information under the NYLL § 195(3); (v) the

requirement that employees furnish employees with an accurate wage notice at the time of hiring,

and on an annual basis, containing specific categories of information under the NYLL § 195,

1

codified as the New York Wage Theft Prevention Act (the "NYWTPA"); and any other cause(s) of action that can be inferred from the facts set forth herein. Additionally, Plaintiff and the putative Class seek damages for Defendant's failure to pay its employees at the prevailing wage, with benefits and overtime provisions, as set forth in NYLL § 220, in violation of the underlying public works contract and/or common law doctrines of equity.

## PRELIMINARY STATEMENT

2.      This action is brought on behalf of Plaintiff, and a putative Class of employees, "laborers, workers and mechanics,"[1] who furnished labor to Defendant on private job sites and publicly financed construction projects, including but not limited to: The World Trade Center, Jamaica High School and other high schools, and Nassau Community College between 2008 and 2016.

3.      Defendant is a New York corporation, and a dealer of mobility products, including stair lifts, wheelchair lifts, commercial elevators and residential elevators.  Plaintiff worked for Defendant as an Installation and Service Technician from 2008 through December 9, 2016, working as a laborer, worker or mechanic on a number of private and public contracts in the state of New York.

4.      Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. §216(b), on behalf of himself and all other persons similarly situated during the applicable FLSA limitations period, who suffered damages as a result of Defendant's violations of the FLSA.

5.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4), on his own behalf, as well as on behalf of those who are similarly

---

[1] N.Y. Lab. Law § 220.

2

situated who, during the applicable statute of limitations, were subjected to violations of the NYLL, NYCCRR and the NYWTPA.

## JURISDICTION AND VENUE

6.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, as this action arises under 29 U.S.C. § 201, *et. seq.*

7.    The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts, such that the form part of the same case or controversy under Article III of the United States Constitution.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## DEMAND FOR JURY TRIAL

9.    Plaintiff, on behalf of himself and all similarly situated plaintiffs, demands a trial by jury on all issues and claims in this action.

## PARTIES

10.    At all relevant times herein, Mr. Pusey was and is a resident of Nassau County, New York.

11.    At all relevant times herein, Mr. Pusey was an "employee" of the Defendant within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

12.    At all relevant times herein, Mr. Pusey was a "person" and an "employee" entitled to protection as defined by the NYLL and NYCCRR.

13.    At all relevant times herein, Mr. Pusey was a "laborer, worker or mechanic" as defined by Article 8 of the NYLL.

14.    At all relevant times herein, Defendant Day was and is a domestic corporation with its principal place of business located at 50 Hempstead Gardens Drive, West Hempstead, New York.

15.    At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA and NYLL, and Defendant was an employer that employed four or more "employees" within the meaning of the NYLL.

16.    At all relevant times herein, Defendant was an "employer" under the FLSA, 29 U.S.C. §203(d), subject to the provisions of 29 U.S.C. §§ 201, *et. seq*. Further, at all times relevant to this action, Defendant's qualifying annual business exceeded $500,000 and Defendant was engaged in interstate commerce within the meaning of the FLSA.  The mobility products sold by Defendant are manufactured in states other than New York, and transported across the United States to be sold by Defendant in New York.  This independently subjects Defendant to the FLSA's overtime requirements with respect to Plaintiff and all other persons similarly situated during the applicable period.

## COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually, and on behalf of all employees who performed work for Defendant during the statutory period and who were denied overtime wages for hours worked over forty each week, in violation of the FLSA (hereinafter "FLSA Class").

18.    With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).  The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or

similar positions; (b) they were or are subject to the same or similar unlawful practices, policies or plans (namely, Defendant's policy of not paying its employees for all hours worked and not paying overtime wages at the statutory rate of one-and-one-half times their regular rate); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative class member is exactly the same and differs only by name, location, and rate of pay.

19.    Plaintiff estimates that the FLSA Class, including both current and former employees over the relevant period, will include in excess of 100 members. The precise number of FLSA Class Members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

20.    Mr. Pusey's entitlement to overtime pay would be similar to that of the other FLSA Class members, and his claim would depend on identical factual and legal questions, including but not limited to:

a.    Whether Defendant violated the FLSA through its pay practices;

b.    Whether Defendant should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the FLSA; and

c.    Whether Defendant's violations were willful

## NEW YORK CLASS ACTION ALLEGATIONS

21.    Pursuant to the NYLL and the New York common law, Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

(1)    All laborers, workers and mechanics who performed work for Defendant on the sites of the public works projects listed herein from 2008 to the entry of judgment in this case; (2) all employees employed by Defendant who were denied wages for all hours worked, in violation of the

5

NYLL; and (3) all employees employed by Defendant who worked in excess of 40 hours per week and who were denied overtime wages at a statutory rate of one-and-a-half times the standard pay rate, in violation of the FLSA and the NYLL (hereinafter the "New York Class").

22.    *Numerosity:* The number and identity of the New York Class Members are determinable from the records of the Defendant. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided by means permissible under Rule 23.

23.    Upon information and belief, there are in excess of forty (40) New York Class Members.

24.    *Commonality/Predominance*: Common questions of law and fact exist as to all Class Members and such questions predominate over any questions solely affecting individual Class Members. Such common questions will determine Defendant's liability to all (or nearly all) Class Members. These common questions include:

a.    Whether Defendant failed to pay overtime wages to Plaintiff and the Class Members for all hours worked over forty (40) in a given week;

b.    Whether Defendant breached contracts with local, state and/or federal governmental entities by failing to pay Plaintiff and the Class Members, who were third-party beneficiaries of such contracts, at New York State and/or New York City prevailing wage rates;

c.    Whether Defendant failed and/or refused to pay Plaintiff and the Class Members overtime hours at the prevailing wage overtime rates for all hours worked on prevailing wage projects in excess of forty (40) hours per workweek or eight (8) hours per day;

d.    Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

e.    Whether Defendant failed and/or refused to pay Plaintiff and the Class Members supplemental benefits on prevailing wage jobs as required by the New York City and New York State prevailing wage schedules;

f.    Whether Defendant was unjustly enriched by failing to pay Plaintiff and the Class Members at prevailing wage rates on prevailing wage jobs;

g.   Whether Defendant failed to provide Plaintiff and the Class Members with proper wage notices and wage statements; and

h.   Whether Defendant's failure to properly pay Plaintiff and the Class Members was willful.

25.   *Typicality*: Plaintiff's claims are typical of those of the New York Class in that Plaintiff and all other members of suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.  Plaintiff's claims arise from the same policies, practices and course of conduct as all other New York Class Members' claims and Plaintiff's legal theories are based on the same legal theories as all other New York Class Members, as detailed herein.

26.   *Adequacy*: Mr. Pusey will fully and adequately protect the interests of the New York Class, and Mr. Pusey has retained counsel who are qualified and experienced in the litigation of wage-and-hour class actions.  Neither Mr. Pusey nor his counsel has interests that are contrary to, or conflicting with, the interests of the New York Class.

27.   *Superiority*:  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is not economically feasible for the New York Class Members to prosecute individual actions of their own, given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

28.   This case will be manageable as a class action because Defendant has payroll systems that will allow the wage-and-hour facts and damages issues in the case to be resolved with relative ease.  Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

## BACKGROUND FACTS

### A.    Defendant's Products and Services

29.    Defendant Day is a dealer of mobility products, including stair lifts, wheelchair lifts, commercial elevators and residential elevators based in New York City and West Hempstead, New York. Day provides professional support for installation, maintenance and testing of its equipment.[2] Day's services include the construction, installation, service and maintenance of its mobility products to its residential, commercial and governmental customers.

30.    Defendant Day is an experienced public contractor, serving municipalities, educational facilities, airports and other governmental agencies and institutions.[3]

31.    Defendant Day also serves private businesses and individuals, including restaurants, supermarkets, banks, places of worship, high-end retail and private homes.[4]

32.    At all relevant times, Mr. Pusey, the FLSA Class and the New York Class were performing their duties for the benefit of and on behalf of Defendant.

33.    Mr. Pusey, the FLSA Class and the New York Class performed work on both private and public job sites on behalf of Defendant.

### B.    Defendant's Public Works' Contracts

34.    Upon information and belief, beginning in or about 2008, Defendant Day entered into contracts, as either a subcontractor or a prime contractor, with certain government agencies (e.g., New York City Department of Education, the Port Authority of New York, and the State University of New York), to furnish labor, material and equipment to perform work on these public works projects.

---

[2] http://www.dayelevator.com/about-us/day-difference/
[3] http://www.dayelevator.com/industries/
[4] http://www.dayelevator.com/industries/

35.     Upon information and belief, the public works contracts required that Day pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects, including their direct employees and all other persons furnishing labor on the sites of the public works projects.  Upon information and belief, the public works contracts also provided that any subcontracts that Day entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects.

36.     As required by law, a schedule containing prevailing rates of wages and supplemental benefits ("prevailing wage schedule") to be paid to the Plaintiff and similarly situated employees should have been annexed to and formed part of the public works contracts.  If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

37.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the public works projects and, as such, the workers furnishing labor on the sites of the public works projects were the beneficiaries of that promise and the contracts entered into between Day and government agencies.

38.     Upon information and belief, in furtherance of the public works contracts entered into by Day, Plaintiff and the New York Class Members performed various types of construction work, including but not limited to constructing, installing, servicing and maintaining elevators, lifts and other mobility devices sold by Day to various public entities.

39.     Upon information and belief, in furtherance of the public works contracts entered into by Day, Plaintiff and New York Class Members performed various types of work related to

elevator construction, including, but not limited to: installing, maintaining, constructing and servicing elevators, stair lifts, chair lifts and other mobility devices.

40.     Upon information and belief, during the period of time for which Plaintiff and the New York Class performed work on the public works projects, Day failed to ensure payment of the prevailing rates of wages and supplemental benefits to which Plaintiff and the New York Class were entitled.

41.     The prevailing wage for an elevator constructor in Nassau, New York, Bronx, Kings, Queens, Richmond and Suffolk County in 2008-2009 was $48.19 per hour; supplemental benefits were $21.82 per hour.  *See* Prevailing Wage Rates for 07/01/2008 - 06/30/2009 at page 75, Attached at Exhibit 1.[5]

42.     The prevailing wage for an elevator constructor in Nassau, New York, Bronx, Kings, Queens, Richmond and Suffolk County in 2009-2010 was $49.78 per hour; supplemental benefits were $25.12 per hour.  *See* Prevailing Wage Rates for 07/01/2009 - 03/16/2010 at page 74, Attached at Exhibit 2.[6]

43.     The prevailing wage for an elevator constructor in Nassau, New York, Bronx, Kings, Queens, Richmond and Suffolk County in 2010-2011 was $51.47 per hour; supplemental benefits were $26.44 per hour.  *See* Prevailing Wage Rates for 07/01/2010 - 03/16/2011 at page 76, Attached at Exhibit 3.[7]

44.     The prevailing wage for an elevator constructor in Nassau, New York, Bronx, Kings, Queens, Richmond and Suffolk County in 2011-2012 was $53.27 per hour; supplemental

---

[5] https://labor.ny.gov/workerprotection/publicwork/PDFs/06.01.09PrevWageSch.pdf
[6] https://labor.ny.gov/workerprotection/publicwork/PDFs/06.01.10PrevWageSch.pdf
[7] https://labor.ny.gov/workerprotection/publicwork/PDFs/06.01.2011PrevWageSch.pdf

benefits were $31.30 per hour.  *See* Prevailing Wage Rates for 07/01/2011 - 03/17/2012 at page 75 - 76, Attached at Exhibit 4.[8]

45.     The prevailing wage for an elevator constructor in Nassau, New York, Bronx, Kings, Queens, Richmond and Suffolk County in 2012-2013 was $55.20 per hour; supplemental benefits were $26.54, plus a percentage of wage per hour.  *See* Prevailing Wage Rates for 07/01/2012 - 03/17/2013 at page 80, Attached at Exhibit 5.[9]

46.     The prevailing wage for an elevator constructor in Nassau, New York, Bronx, Kings, Queens, Richmond and Suffolk County in 2013-2014 was $57.01 per hour; supplemental benefits were $28.03, plus a percentage of wage per hour.  *See* Prevailing Wage Rates for 07/01/2013 - 06/30/2014 at page 80, Attached at Exhibit 6.[10]

47.     The prevailing wage for an elevator constructor in Nassau, New York, Bronx, Kings, Queens, Richmond and Suffolk County in 2014-2015 was $58.23 per hour; supplemental benefits were $29.745 per hour.  *See* Prevailing Wage Rates for 07/01/2014 - 03/17/2015 at page 80-81, Attached at Exhibit 7.[11]

48.     The prevailing wage for an elevator constructor in Nassau, New York, Bronx, Kings, Queens, Richmond and Suffolk County in 2015-2016 was $59.55 per hour; supplemental benefits were $35.17 per hour.  *See* Prevailing Wage Rates for 07/01/2015 - 06/30/2016 at page 81 - 82, Attached at Exhibit 8.[12]

---

[8] https://labor.ny.gov/workerprotection/publicwork/PDFs/6.1.2012PrevWageSch.pdf
[9] https://labor.ny.gov/workerprotection/publicwork/PDFs/6.1.2013PrevWageSch.pdf
[10] https://labor.ny.gov/workerprotection/publicwork/PDFs/06.01.2014PrevWageSch.pdf
[11] https://labor.ny.gov/workerprotection/publicwork/PDFs/06.01.2015PrevWageSch.pdf
[12] https://labor.ny.gov/workerprotection/publicwork/PDFs/6.1.2016Art.8PrevWageSch.pdf

**C.   Plaintiff's Employment with Defendant**

49.     Defendant hired Mr. Pusey on or about 2008 to work as an Installation and Service Technician.

50.     Mr. Pusey's employment with Defendant ended on December 9, 2016. While employed by Defendant, Mr. Pusey was laid off for two periods of time in 2009 and 2010.

51.     Mr. Pusey's duties as an Installation and Service Technician included constructing and installing mobility products at job sites designated by Defendant and servicing and maintaining these mobility products at job sites designated by Defendant.  Mr. Pusey constructed, installed, serviced and maintained commercial and residential elevators, stair lifts and wheelchair lifts while employed by Defendant.

52.     Mr. Pusey, the FLSA Class and the New York Class performed work for Defendant Day on both public works and private job sites in New York.

**D.   Plaintiff and New York Class Members Were Not Paid the Prevailing Wage for Work on Public Contracts**

53.     While Mr. Pusey was employed by Defendant, he worked on numerous public works contracts.  Defendant never paid Mr. Pusey the prevailing wage or supplemental benefits for hours worked as a "laborer, worker or mechanic" on public works contracts.

54.     While employed by Defendant between 2008 and 2016, Mr. Pusey was paid between $15.00 and $25.00 per hour. Specifically, when Mr. Pusey began his employment with Defendant in 2008, he was paid at the rate of $15.00 per hour.  On or about 2011, he was paid at the rate of $17.00 per hour.  On or about 2013, he was paid at the rate of $20.00 per hour.  On or about 2014, he was paid at the rate of $22.50 per hour.  On or about 2015, he was paid at the rate of $25.00 per hour.

55.     At all relevant times, Defendant paid Mr. Pusey *less than one-half* of the prevailing wage for his labor on public works contracts.

56.     Additionally, while employed by Defendant between 2008 and 2016, Mr. Pusey worked overtime while working on public works contracts.  He was not paid the required overtime rate of pay in accordance with the NYLL and FLSA.

57.     Mr. Pusey and members of the New York Class were not compensated at the statutorily required prevailing wage rate for the work they performed on public works contracts, and also were not paid the statutorily required supplemental benefits or overtime at the prevailing wage rate.

**E.    Defendant Failed to Pay Plaintiff, the FLSA Class, and the New York Class Overtime Wages at the Statutory Rate**

58.     While employed by Defendant, Mr. Pusey worked from 7:30 or 8:00 a.m. until 5:30 or 6:00 p.m., typically without a meal break or other type of break.  Mr. Pusey worked more than 8 hours per day approximately three to four days per week.

59.     Mr. Pusey was not consistently compensated with overtime pay for the hours he worked in excess of forty per week. When Mr. Pusey asked Defendant why he did not receive overtime compensation for the hours in excess of forty (40) that he had worked, Defendant told him that they could not pay him overtime because it would put him in a different tax bracket.

60.     Upon information and belief, Defendant also required members of the FLSA Class and the New York Class to work from 7:30 or 8:00 a.m. to 5:30 or 6:00 p.m. without a meal break or other type of break.  Members of the FLSA Class and the New York Class were also not compensated with overtime pay for the hours that they worked in excess of forty each week on private job sites.

61.     Defendant required Mr. Pusey and other employees to return to its office in West Hempstead, New York at the end of each work day to pick up parts for the next day.  Mr. Pusey would be required to drive from his job site to the office, which often would take an hour or longer. Although Defendant paid other employees for their time in driving to the office to pick up parts, Defendant failed to pay Mr. Pusey for his time spent in driving to the office at the end of each work day.  Picking up parts was a required job duty for Mr. Pusey and other employees.

62.     Mr. Pusey, the FLSA Class and the New York Class were not compensated at the statutorily required rate of time-and-a-half for the hours worked in excess of forty (40) on private job sites.

63.     Defendant knew or should have known that, under the NYLL and NYCCRR, Plaintiff and the New York Class should have been paid overtime "at a rate not less than one-and-one-half times the regular rate" at which they were employed. N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2.

64.     Defendant knew or should have known that, under the NYLL and FLSA, Plaintiff and the New York Class should have been paid overtime "at a wage rate of one-and-one-half times" their regular rate.

65.     In willful disregard of the NYLL and FLSA, Defendant failed to pay Mr. Pusey and similarly situated employees the statutorily required overtime premiums at one-and-one-half times the regular rate of pay, failed to pay for each hour worked on private job sites, and failed to maintain true and accurate payroll records.

**F.  Defendant's System for Recording Plaintiff's and Class Members' Hours was Inaccurate**

66.     While employed by Defendant between 2008 and 2016, Defendant required Mr. Pusey to track his time through a GPS system installed in a company van that he was required to

drive to job sites. The GPS system regularly malfunctioned due to weather or other technical difficulties. For example, the GPS system would show that Mr. Pusey and the van were in the Atlantic Ocean or the Hudson River. An employee of Defendant would call Mr. Pusey to confirm that the GPS system was not accurately recording his location.

67.    Upon information and belief, when Mr. Pusey would submit time sheets to Defendant, Defendant would reject his time sheets, despite knowing that its method of tracking time via GPS was inaccurate.

68.    As a result of Defendant's method of tracking Mr. Pusey's time via GPS, Defendant did not compensate Mr. Pusey for all of the hours that he worked for Day as an installation and service technician on public works and private job sites.

69.    By information and belief, Defendant used the same inaccurate "tracking" method for the FLSA Class and the New York Class. As a result, Defendant did not compensate the FLSA Class and the New York Class for all hours worked on public works and private job sites.

**G.  Plaintiff, the FLSA Class, and the New York Class Frequently Worked Through Their Lunch Hour Without Compensation**

70.    The installation and maintenance jobs that Defendant scheduled for Mr. Pusey often took far more time than Defendant allotted for; as a result, Mr. Pusey was often required to work through his lunch break. Mr. Pusey worked through his lunch break three to four times per week.

71.    When Mr. Pusey would submit a manual time sheet to Defendant indicating that he did not take a lunch break, Defendant would reject the time sheet. Defendant informed Mr. Pusey that he was required by law to take a lunch break, and that a lunch break would be reflected on his time sheet even if he worked through lunch.

72.    Defendant failed to pay Mr. Pusey for the hours that he worked over his lunch break.

73.     By information and belief, Defendant also required members of the New York Class to work through their lunch break.  By information and belief, Defendant failed to pay the New York Class for hours that they worked over their lunch break.

**H. Defendant Failed to Provide Plaintiff and New York Class Members with Accurate Wage Statements**

74.     On all occasions when Defendant paid Plaintiff and the New York Class, which took place on a weekly basis, Defendant intentionally did not furnish Plaintiff and the New York Class with statements that accurately listed their total hours worked for that pay period, in violation of the NYLL and NYWTPA.

75.     Defendant knew or should have known that, under the NYWTPA, it was required to keep accurate payroll records showing all hours worked for Plaintiff and the New York Class.

76.     Additionally, the Defendant failed to provide Plaintiff and New York Class Members with an accurate wage notice at the time of hiring, and on an annual basis, containing specific categories as required by NYLL § 195.

**<ins>AS AND FOR A FIRST CAUSE OF ACION AGAINST DEFENDANT</ins>**
*<ins>For Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 - 219</ins>*

77.     Plaintiff, the FLSA Class and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     The FLSA requires an employer to pay employees the federally mandated overtime rate of one-and-a-half times their regular rate of pay for every hour worked in excess of forty (40) per workweek.

79.     Plaintiff worked as an Installation and Service Technician for Defendant in excess of forty (40) hours per week, for which he did not receive overtime pay.

80.    Thus, Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

81.    Defendant's violations of the FLSA were knowing and willful.

82.    Based on the foregoing, the Defendant is liable for the unpaid overtime wages of the Plaintiff, the FLSA Class and the New York Class, plus liquidated damages, costs and reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
*Failure to Pay Wages in Violation of the NYLL*

83.    Plaintiff and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

84.    NYLL §§ 190, 191 and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

85.    As described above, Defendant is an "employer" within the meaning of the NYLL, while Plaintiff and the New York Class are or were "employees" within the meaning of the NYLL.

86.    As also described above, Defendant failed to compensate Plaintiff and the New York Class at their regular rates of pay for each hour that they worked in accordance with their terms of employment.

87.    Mr. Pusey typically worked without a lunch break, and worked off the clock when he was required to drive back to Defendant's office each day without being compensated.  In addition, Defendant's method of computing Plaintiff's hours via GPS was often inaccurate, and Defendant rejected Plaintiff's manual time sheets.

88.    Defendant willfully violated the NYLL.

89.    Plaintiff and the New York Class are entitled to recover, at their respective regular rates of pay, for all hours that they worked for Defendant but were not compensated for.

17

90.    By reason of the foregoing, the Defendant is liable for unpaid wages, in an amount to be determined at trial, plus liquidated damages, interest, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and NYCCRR*

91.    Plaintiff and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

92.    N.Y. Lab. Law § 160 and NYCCRR Tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one-and-one-half times their regular rate for any hours worked exceeding forty in a workweek.

93.    As described above, Defendant is an "employer" within the meaning of the NYLL, while Plaintiff and the New York Class are or were "employees" within the meaning of the NYLL.

94.    Plaintiff and the New York Class were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one-and-one-half times their regular rate of pay.

95.    Plaintiff regularly worked in excess of eight hours per day, working from 7:30 or 8:00 a.m. until 5:30 or 6:00 p.m., typically without a lunch break or any other break.

96.    Defendant did not compensate Plaintiff for hours worked in excess of forty (40) per week at the statutorily required rate of one and one-half times his regular rate of pay.

97.    Defendant willfully violated the NYLL and NYCCRR.

98.    Plaintiff and the New York Class are entitled to their overtime pay for all hours worked in excess of forty at the rate of one-and-one-half times their respective rates of pay.

99.    By reason of the foregoing, the Defendant is liable for unpaid overtime wages, in an amount to be determined at trial, plus liquidated damages, interest, costs and attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL and NYWTPA*

100.    Plaintiff and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101.    NYLL § 195(3) and the NYWTPA requires that employers furnish employees with wage statements containing specific enumerated criteria on each occasion when the employer pays wages to the employee.

102.    Defendant did not issue accurate pay stubs to Plaintiff in violation of New York Labor Law § 195(3) and the NYWTPA.

103.    Specifically, Mr. Pusey was not given pay stubs which accurately reflected the number of hours and overtime hours worked each and every week.

104.    Additionally, the Defendant failed to provide Plaintiff and New York Class Members with an accurate wage notice at the time of hiring, and on an annual basis, containing specific categories as required by NYLL § 195.

105.    These practices were and are willful and in violation of NYLL and the NYWTPA.

106.    By reason of the foregoing, the Defendant is liable in an amount to be determined at trial, plus costs and attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT
### *Breach of Contract*

107.    Plaintiff and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

108.    Upon information and belief, the public works contracts entered into by Day contained schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiff and the New York Class.

109.    Those prevailing rates of wages and supplemental benefits were made part of the Public Works Contracts for the benefit of the Plaintiff and the other employees performing work pursuant to such contracts. In the event that the contracts or agreements entered into failed to explicitly contain prevailing wage schedules, the prevailing wage requirements were supplemented as a matter of law, requiring Defendant to pay the Plaintiff and Class Members prevailing wages, daily/weekly overtime and supplemental benefits for all work performed.

110.    Defendant's failure to pay Plaintiff and Class Members at the correct prevailing wage rates for straight time, overtime, and supplemental benefits for work performed on Public Works Projects constituted a material breach of the contracts entered into directly or indirectly between Defendant and certain public entities.

111.    As a result of Defendant's failure to pay Plaintiff and the New York Class Members at prevailing wage rates, they are entitled to relief from Defendant for breach of contract under New York common law of contracts, as they were the intended beneficiaries of the contracts between Day and government agencies.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT
*Quantum Metuit and Unjust Enrichment (Pled in the Alternative)*

112.    Plaintiff and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

113.    Based on Defendant's failure to pay Plaintiff the appropriate prevailing wage rates, the Defendant was unjustly enriched at the expense of Plaintiff.

114.    Equity and good conscience require that Defendant pays restitution to Plaintiff and Class Members.

115.    Upon information and belief, when Defendant entered into the contract, it agreed to pay the required prevailing wages, overtime, shift-differential and holiday premiums, and

supplemental benefit rates of pay to Plaintiff and other employees who performed work pursuant to the contracts.

116.    Plaintiff and Class Members provided valuable services to the Defendant performing prevailing wage jobs for which Plaintiff and Class Members expected compensation. Defendant knowingly accepted such services yet failed to pay Plaintiff the reasonable value of such services as defined by the New York State and New York City prevailing wage schedules.

117.    As a result of Defendant's failure to pay Plaintiff and Class Members at prevailing wage rates, the Defendant was unjustly enriched, and Plaintiff and the Class Members are entitled to relief under New York's common law of unjust enrichment.

118.    As a result of Defendant's failure to pay Plaintiff and Class Members the reasonable value of the valuable services they rendered, Plaintiff and Class Members are entitled to relief from the Defendant under New York's common law of *quantum meruit.*

119.    Based on the foregoing, the Defendant is liable to Plaintiff and the New York Class in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Class, and the New York respectfully requests that this Court grant the following relief:

a.    Certification of the claims brought in this case under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b);

b.    Certification of the claims brought in accordance with Fed. R. Civ. P. 23(b) or (c)(4) with respect to the claims set forth above;

c.    Designation of Plaintiff and his counsel as class/collective action representative;

d.    Issuing a judgment declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

e.    Issuing a judgment declaring that Defendant willfully violated the NYLL;

f.    An award of compensatory damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to the FLSA, NYLL, and supporting regulations;

g.    An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

h.    Fifty dollars ($50.00) per Plaintiff and each Class Member for each workweek that the violations of the wage notice provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the NYLL Class Members as provided for by NYLL, Article 6 § 198(1-b);

i.    One Hundred dollars ($100.00) per Plaintiff and each Class Member for each workweek that the violations of the wage statement provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per Plaintiff and each Class Member as provided for by NYLL, Article 6 § 198(1-d);

j.    An award of monetary damages to be proven at trial for all unpaid prevailing wages, daily/weekly overtime and supplemental benefits owed to Plaintiff and the Class;

k.    Awarding all other available compensatory damages to Plaintiff, the FLSA Class and the New York Class, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated and double damages by Defendant under the NYLL, N.Y.C.R.R. and NYWPTA;

l.    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

m.    Awarding pre-judgment and post-judgment interest to Plaintiff on these damages; and

n.    Such further relief as this Court deems appropriate.

Date:   New York, New York
        July 12, 2017

                                Respectfully submitted,

                                JOSEPH & NORINSBERG, LLC


                                By: _____
                                Jon L. Norinsberg, Esq.

22

Bennitta L. Joseph, Esq.
Chaya M. Gourarie, Esq.
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 227-5700
Fax: (212) 406-6890
*Attorneys for Plaintiff*

TO:

Day Accessibility & Mobility, Inc.
a/k/a Day Elevator & Lift, Inc.
50 Hempstead Gardens Drive
West Hempstead, New York 11552