# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAMIAN PUSEY and TYLER NICK, on behalf
of themselves and all others similarly situated,

           Docket No.: 17-CV-04122 (GRB)

           Plaintiff,

      -against-

DAY ACCESSIBILITY & MOBILITY
SOLUTIONS, INC., d/b/a DAY ELEVATOR &
LIFT INC.,

           Defendants.
------------------------------------------------------------X

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, Damian Pusey ("Pusey") and Tyler Nick ("Nick") (Pusey and Nick are collectively referred to herein as the "Plaintiffs") have alleged that they have been the subject of unlawful employment practices by Day Accessibility & Mobility Solutions, Inc., d/b/a Day Elevator & Lift Inc. (referred to herein as "Defendant");

**WHEREAS**, Pusey commenced an action against Defendant on or about July 12, 2017, in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 17-CV-04122 (the "Action");

**WHEREAS**, on September 29, 2017, Nick became a party in the Action;

**WHEREAS**, Defendant has denied Plaintiffs' allegations, and have contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, Plaintiffs and Defendant (collectively referred to herein as "Parties") desire to fully and finally resolve and settle in full certain claims that Plaintiffs have, had, or may have

1

against Defendant, including, but not limited to, certain claims and issues that were or could have been raised by Plaintiffs, by way of this Settlement and Release Agreement (the "Agreement");

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendant's counsel of record in the Action have negotiated extensively in good faith, including at a mediation before Martin Scheinman, Esq., on May 7, 2018, to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.      In consideration of the payment to Plaintiffs by Defendant of the amount of Seventy Five Thousand Dollars and Zero Cents ($75,000.00) (the "Settlement Amount"), to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Defendant as well as Defendant's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendant, deemed by Plaintiffs to be "employers," both individually and in their official capacities, as well as Defendant's respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including, but not limited to, service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorneys' fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of

2

unpaid compensation (including minimum wage, overtime, prevailing wages, supplemental benefits, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, attorneys' fees and costs, and/or statutory penalties) purportedly owed to Plaintiffs under the Fair Labor Standards Act ("FLSA"), the New York Labor Law (the "NYLL"), or any other law, regulation, or ordinance regulating or governing the payment of wages, which Plaintiffs, their respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action. This release also includes any and all claims Plaintiffs have, or may, assert against Releasees for violations of NYLL § 195, *et. seq.*

2.      Provided that: (1) Defendant receives: (i) this Agreement, fully executed and signed by each Plaintiff before a notary public; (ii) an IRS W-9 form executed by Plaintiffs' counsel; (iii) an IRS W-9 form executed by each Plaintiff; and (iv) the Stipulation of Dismissal, in the form attached as "Exhibit A," executed by Plaintiffs' counsel; and (2) the Court approves this settlement and endorses the stipulation of Dismissal, the Settlement Amount shall be paid as follows:

    (a)      Within thirty (30) days of the date that all the aforementioned conditions are satisfied, Defendant shall make a payment in the amount of the Settlement Amount, which shall be allocated in separate checks as follows:

        i.      One check payable to "Damian Pusey" in the gross amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less all applicable tax withholdings and deductions, representing payment for Pusey's claims for alleged economic damages (including, but not limited to, unpaid wages), which will be reported to the taxing authorities via an IRS Form W-2;

3

    ii. One check payable to "Damian Pusey" in the total amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), representing payment for Pusey's claims for alleged non-economic damages including, but not limited to, liquidated damages, for which a Form 1099 may be issued to Damian Pusey.

    iii. One check payable to "Tyler Nick" in the gross amount of Five Thousand Eight Hundred Thirty-Three Dollars and Zero Cents ($5,833.00), less all applicable tax withholdings and deductions, representing payment for Nick's claims for alleged economic damages (including, but not limited to, unpaid wages), which will be reported to the taxing authorities via an IRS Form W-2;

    iv. One check payable to "Tyler Nick" in the total amount of Five Thousand Eight Hundred Thirty-Three Dollars and Zero Cents ($5,833.00), representing payment for Nick's claims for alleged non-economic damages including, but not limited to, liquidated damages, for which a Form 1099 may be issued to Tyler Nick.

    v. One check payable to "Joseph & Norinsberg, LLC" in the total amount of Twenty Thousand Five Hundred Twenty-Three Dollars and Ten Cents ($20,523.10), representing payment for Plaintiffs' claims for attorneys' fees, for which Defendant may issue Joseph & Norinsberg, LLC an IRS Form 1099 in this amount; and

    vi. One check payable to "Joseph & Norinsberg, LLC" in the total amount of Twelve Thousand Eight Hundred Ten Dollars and Ninety Cents ($12,810.90), representing payment for litigation costs.

3.      Provided that all of the conditions set forth in Paragraph 2 are satisfied, and provided that the Court approves this settlement and endorses the Stipulation of Dismissal, the settlement checks described above shall be delivered to or mailed to the attention of Chaya Gourarie, Esq., Joseph & Norinsberg, LLC, 225 Broadway, Suite 2700, New York, New York 10007.

4.      Plaintiffs hereby withdraw, with prejudice, all claims asserted in the Action relating to Defendant's alleged failure to pay prevailing wages and supplemental benefits, as Plaintiffs recognize that such claims are wholly without merit.

5.          Defendant may issue an IRS form W2 and 1099 to each Plaintiff and an IRS form 1099 to their counsel reflecting the amounts each one received in Paragraph 2, at the appropriate time.  Each Plaintiff agrees to hold Defendant harmless, and indemnify Defendant fully from any payments Defendant may be required to make to any taxing authority resulting from any Plaintiff's failure to pay taxes related to any portions of the Settlement.

6.          Each Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendant and Releasees, both individually and in their/its official capacities which concern violations or allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to each and any Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages.  In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of any Plaintiff, said Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that said Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Should any Plaintiff file a charge with any agency, or cooperate with an investigation with any agency regarding any claim released in this

Agreement, said Plaintiff acknowledges that this Agreement shall bar him from receiving monetary compensation in connection therewith.

7.      Each Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement.  Each Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8.      Each Plaintiff acknowledges that he has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, prevailing wages, supplemental benefits, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

9.      Each Plaintiff agrees that he shall not make any statement, written, oral or electronic, which in any way disparages Defendant, or Defendant's business practices.  However, this Paragraph shall not be interpreted to prevent Plaintiffs from making truthful statements concerning their experience litigating this Action.  Jai Giatonde, Defendant's Principal, agrees that he will not make any statement, written, oral, or electronic which in any way disparages any Plaintiff.

10.     Plaintiffs acknowledge that their employment with Defendant has ended. Furthermore, each Plaintiff voluntarily and knowingly waives any and all rights to re-employment with Defendant, and each Plaintiff acknowledges that he shall not seek re-employment with Defendant.

11.      Plaintiffs and Defendant agree that if Defendant is contacted by any current or prospective employer of any Plaintiff requesting information about said Plaintiff's employment with Defendant, and provided that said Plaintiff directs such inquiries to Jai Giatonde, Jai Giatonde will respond by providing a neutral reference setting forth only the dates of said Plaintiff's employment, setting forth the amount of said Plaintiff's rate of pay, and confirming his last position held.

12.      Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort.  Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Releasees for any purpose.

13.      In the event of a breach or threatened breach of this Agreement, and in advance of commencing an action to address same, counsel for the non-breaching party shall provide counsel for the breaching party written notice of such breach or threatened breach.  The breaching party shall have seven (7) calendar days to cure the breach or threatened breach to the satisfaction of the non-breaching party.

14.      The Parties agree that in any action arising from any alleged breach by any party of the Agreement, the prevailing party will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can cause irreparable harm, thereby warranting injunctive relief.  In that event, the non-breaching party will be entitled to an injunction.  The breaching

7

party shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

15.     Each Plaintiff explicitly acknowledges that this Agreement does not constitute an admission by Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Releasees that Plaintiffs' claims have merit.  In fact, each Plaintiff acknowledges that Releasees explicitly refute and deny any claims of wrongdoing.

16.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

17.     Each Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Each Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert and each Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by him.

18.     Each Plaintiff is competent to enter into this Agreement.  Each Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired.  Each Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding that would impair his right to settle all claims, and to release all claims, both known and unknown, pursuant to this Agreement.

19.     Each Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendant to execute this Agreement.

8

20.      Each Plaintiff affirms that he is not a Medicare or Medicaid beneficiary (defined as any claimant for whom Medicare or Medicaid has paid Conditional Payments for the treatment of injuries arising out of or related to the matters released herein) as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

21.      Each Plaintiff further represents that he will indemnify, defend, and hold Releasees and/or Releasees' insurers harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown.  If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages from Releasees and/or Releasees' insurers relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to any Plaintiff's alleged injuries, claims or lawsuit, said Plaintiff will defend and indemnify Releasees and/or Releasees' insurers, and hold Releasees and/or Releasees' insurers harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

22.      The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as "Exhibit A."

23.      The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

24.      This Agreement may only be modified, altered or changed in writing, signed by the Parties.

9

25.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

26.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

27.     All other notices and documents set forth herein shall be delivered to counsel for Defendant, Ellen Storch, Esq. and Aaron N. Solomon, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, estorch@kdvlaw.com and asolomon@kdvlaw.com, and counsel for Plaintiff, Chaya Gourarie, Esq., Joseph & Norinsberg, LLC,  225 Broadway, Suite 2700, New York, New York 10007; (212) 227-5700; facsimile (212) 406-6890; chaya@norinsberglaw.com.

28.     Each Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to his execution of the same.  Each Plaintiff further represents that he has been provided the opportunity to review this Agreement.  Each Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Plaintiffs and Defendant have duly executed this Settlement and Release Agreement freely and voluntarily.

**SIGNED AND AGREED TO:**

_____
DAMIAN PUSEY

STATE OF NEW YORK      }
                                        }S.S.
COUNTY OF Newyork   }

On June 7, 2018, before me personally came DAMIAN PUSEY, to me known, and

known to me to be the individual described in, and who executed the foregoing Settlement and

Release Agreement, and duly acknowledged to me that she executed the same.

ANA G. GUEVARA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GU6318010                  NOTARY PUBLIC
Qualified in Nassau County
My Commission Expires January 26, 2019

**SIGNED AND AGREED TO:**

_____
TYLER NICK

STATE OF NEW YORK      }
                                        }S.S.
COUNTY OF _____}

On _____, 2018, before me personally came TYLER NICK, to me known, and known

to me to be the individual described in, and who executed the foregoing Settlement and Release

Agreement, and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

11

**SIGNED AND AGREED TO:**

_____

DAMIAN PUSEY

STATE OF NEW YORK      }
                             }S.S.

COUNTY OF _____}

On _____, 2018, before me personally came DAMIAN PUSEY, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that she executed the same.

_____

NOTARY PUBLIC

**SIGNED AND AGREED TO:**

_____

TYLER NICK

STATE OF NEW YORK      }
                             }S.S.

COUNTY OF New York      }

On June 8, 2018, before me personally came TYLER NICK, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that she executed the same.

_____

NOTARY PUBLIC

ANA G. GUEVARA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GU6318010
Qualified in Nassau County
My Commission Expires January 26, 2019

11

**SIGNED AND AGREED TO:**

_____

DAY ACCESSIBILITY & MOBILITY SOLUTIONS, INC.

By: JAIDEV GAITONDE

Title: GENERAL MANAGER, V.P.

Date: 06/07/2018.

12

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAMIAN PUSEY and TYLER NICK, on behalf          Docket No.: 17-CV-04122 (GRB)
of themselves and all others similarly situated,

                       Plaintiff,

          -against-                              **STIPULATION AND ORDER OF**
                                                           **DISMISSAL**

DAY ACCESSIBILITY & MOBILITY
SOLUTIONS, INC., d/b/a DAY ELEVATOR &
LIFT INC.,

                       Defendant.
------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs and that Damian Pusey and Tyler Nick are precluded from bringing any further claims under the Fair Labor Standards Act, the New York Labor Law, or any federal, state, or local law, for unpaid wages, including overtime pay, for the period set forth in the Complaint.

      **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals; and

**[INTENTIONALLY LEFT BLANK]**

Kaufman Dolowich &Voluck, LLP
*Attorneys for Defendants*

By:  Ellen Storch, Esq.
Aaron N. Solomon, Esq.
135 Crossways Park Drive, Ste. 201
Woodbury, New York 11797
(516) 681-1100

Joseph & Norinsberg, LLC
*Attorneys for Plaintiffs*

By:  Bennita Joseph, Esq.
Chaya Gourarie, Esq.
225 Broadway, Suite 2700
New York, New York 10007
(212) 227-5700

SO-ORDERED

The Hon. Gary Brown U.S.M.J.

4819-5255-5110, v. 1